1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  SHARANYA MOHAN (NYRN 5027768)
   Assistant United States Attorney
4
        450 Golden Gate Avenue
5       San Francisco, California 94102-3495
        Telephone: (415) 436-7198
6       Fax: (415) 436-6748
        sharanya.mohan@usdoj.gov
7
   Attorneys for Defendant
8  U.S. Environmental Protection Agency

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, | CASE NO. 18-CV-2372 JCS |
| Plaintiff, | STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

1     IT IS HEREBY STIPULATED by and between the undersigned Plaintiff and Defendant, by and through their respective attorneys, as follows:

2.     1.     Defendant shall pay $15,000 (fifteen thousand dollars and zero cents) to Plaintiff in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer or check promptly after notification of the Court's entry of this Stipulation and after receipt of necessary information from Plaintiff to effectuate the payment that Defendant has already requested. Defendant will make all reasonable efforts to make payment within thirty (30) days of the date that Plaintiff's counsel provides the necessary information for the electronic funds transfer and this Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that time frame.

    2.     Upon the execution of this Stipulation, Plaintiff, having received responsive records, hereby releases and forever discharges Defendant, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserted or could have asserted in this litigation with respect to the specific FOIA requests on which this action is based, or which hereafter could be asserted by reason of, or with respect to, or which arise out of, the specific FOIA requests on which this action is based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation. Notwithstanding the prior sentence, this Stipulation does not preclude FOIA litigation based on any other FOIA request by Sierra Club, including requests that may seek materials within the scope of the requests at issue in this litigation, so long as the scope of the requests are not identical to the scope of the requests at issue to in this litigation.

    3.     The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
18-2372 JCS

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by Plaintiff's attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, this Stipulation shall be and remain effective notwithstanding such material difference.

4. Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

5. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising Plaintiff's claim to attorneys' fees, costs, or other litigation expenses without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's entitlement to attorneys' fees, costs, or other litigation expenses under FOIA. Nor will this Stipulation be construed as an admission on the part of Plaintiff or their counsel regarding any issue of law or fact, or regarding the truth or validity of any defense raised in this action, or as evidence or as an admission by the Plaintiff regarding attorneys' fees, costs, or other litigation expenses under FOIA. The parties agree that this Stipulation of Settlement will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant or the United States, or any agency or instrumentality of the United States.

6. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

7. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8. This Stipulation shall constitute the entire agreement between the parties, and it is

expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

9. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

10. Any obligation of the Government to expend funds under this Stipulation is subject to the availability of appropriations in accordance with the Anti-Deficiency Act, 31 U.S.C. § 1341. This Stipulation shall not be construed to require the Government to obligate or pay funds in contravention of the Anti-Deficiency Act.

11. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

12. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

IT IS SO STIPULATED.

**CERTIFICATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that counsel for Plaintiff has concurred in the filing of this document.

DAVID L. ANDERSON
UNITED STATES ATTORNEY

DATED: February 5, 2020        /s/ Sharanya Mohan

SHARANYA MOHAN
Attorneys for Defendant


SIERRA CLUB

DATED: February 5, 2020        /s/ Sanjay Narayan
SANJAY NARAYAN
Attorneys for Plaintiff

STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
18-2372 JCS

**IT IS SO ORDERED.**

DATED: February 10, 2020

_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge

STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
18-2372 JCS